# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GLENDA D. SCROGGINS, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. CIV-13-110-SPS |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of the Social ) | |
| Security Administration,[1] ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

The claimant Glenda D. Scroggins requests judicial review pursuant to 42 U.S.C. § 405 of the decision of the Commissioner of the Social Security Administration denying her benefits under the Social Security Act. The claimant appeals the Commissioner's decision and asserts that the Administrative Law Judge ("ALJ") erred in determining she was not disabled. For the reasons discussed below, the decision of the Commissioner is hereby reversed and the case remanded for further proceedings.

## Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if h[er] physical or mental impairment or impairments are of such severity that [s]he is not only unable to do h[er] previous work but cannot, considering

---

[1] On February 14, 2013, Carolyn Colvin became the Acting Commissioner of Social Security. In accordance with Fed. R. Civ. P. 25(d), Ms. Colvin is substituted for Michael J. Astrue as the Defendant in this action.

h[er] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" *Id*. § 423 (d)(2)(A). Social security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[2]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. *Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997) [citation omitted]. The term substantial evidence has been interpreted by the United States Supreme Court to require "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). The Court may not reweigh the evidence nor substitute

---

[2] Step one requires the claimant to establish that she is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires the claimant to establish that she has a medically severe impairment (or combination of impairments) that significantly limits her ability to do basic work activities. *Id*. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity, or if her impairment is not medically severe, disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. pt. 404, subpt. P, app. 1. If the claimant suffers from a listed impairment (or impairments "medically equivalent" to one), she is determined to be disabled without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must establish that she lacks the residual functional capacity (RFC) to return to his past relevant work. The burden then shifts to the Commissioner to establish at step five that there is work existing in significant numbers in the national economy that the claimant can perform, taking into account her age, education, work experience and RFC. Disability benefits are denied if the Commissioner shows that the claimant's impairment does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

its discretion for that of the agency. *Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the Court must review the record as a whole, and "[t]he substantiality of evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

## Claimant's Background

The claimant was born on June 22, 1964, and was forty-seven years old at the time of the administrative hearing (Tr. 32). She has past relevant work as a companion (Tr. 26). The claimant alleges that she has been unable to work since March 31, 2010 due to diabetes, depression, neuropathy, back pain, anxiety, and chronic sinus disease (Tr. 150).

## Procedural History

The claimant applied for supplemental security insurance payments under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-85 on April 1, 2010. Her application was denied. ALJ Trace Baldwin conducted an administrative hearing and found that the claimant was not disabled in a written opinion dated February 2, 2012 (Tr. 14-28). The Appeals Council denied review, so the ALJ's written opinion is the Commissioner's final decision for purposes of this appeal. *See* 20 C.F.R. § 416.981.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He found that the claimant could lift/carry up to ten pounds frequently, stand for up to two hours in an eight-hour workday, and sit for six hours in an eight-hour workday (Tr. 20). The ALJ

also found a number of non-exertional limitations, *i. e.*, the claimant could: (i) operate hand controls occasionally but not foot controls; (ii) climb ramps/stairs occasionally but not ladders, ropes, and scaffolding; (iii) balance, stoop, kneel, crouch and crawl occasionally; (iv) never work at heights, around moving equipment or machinery, or on uneven or unstable surfaces; (v) perform simple and some complex tasks; and (vi) never work around the general public (Tr. 20). The ALJ concluded that although claimant could not return to her past relevant work, she was nevertheless not disabled because there was other work she could perform, *i. e.*, inspector, optical goods assembler, and hand suture winder (Tr. 27-28).

## Review

The claimant contends that the ALJ erred: (i) by failing to properly analyze the medical evidence of record, in particular the opinions of treating physician Dr. Edward Lee, M.D. and state agency physician Dr. Shalom Palacio-Hollmon, Ph.D.; and (ii) by failing to properly analyze her credibility. Because the ALJ *did* fail to properly analyze Dr. Lee's opinion, the Commissioner's decision must be reversed and the case remanded for further proceedings.

The claimant began receiving treatment from Dr. Lee in May 2009. At that time, the claimant complained of uncontrolled diabetes, neuropathy in her lower extremities, and insomnia (Tr. 362). In July, Dr. Lee noted the claimant's appearance was abnormal and she had decreased range of motion in her left arm (Tr. 360). It was further noted in December 2009 that the claimant had been beaten with a baseball bat and that her range

of motion was decreased (Tr. 357). Her back and extremities were found to be abnormal on numerous occasions (Tr. 356-57, 359, 361-62, 429-30, 432-35, 468, 469), and Dr. Lee noted her neuropathy in March 2010 (Tr. 356). On examination, there were degenerative changes in her cervical and lumbar spine, and degenerative osteophytes and intervertebral disc space narrowing at L5-S1 (Tr. 455-456-58). Dr. Lee submitted a letter dated March 29, 2010 indicating the claimant was "totally disabled due to Insulin Dependent Diabetes Mellitus, severe Diabetic Neuropathy, Chronic Pain, and severe Depression" (Tr. 248).

Dr. Lee also submitted a medical assessment of the claimant's physical ability to do work related activities, in which he found that the claimant could sit upright and stand for one hour and walk for half an hour in an eight-hour workday. Dr. Lee opined that the claimant could not work an eight-hour workday at any exertional level with or without a sit-stand option. Dr. Lee also found that the claimant could lift less than ten pounds, though not repetitively, and could not push or operate leg controls (Tr. 466).

Dr. Palacio-Hollman performed a mental status examination of the claimant on August 16, 2010. The claimant related that her depression began following the death of her father in 1997 and became worse after she developed diabetes and neuropathy (Tr. 363). The claimant told Dr. Palacio-Hollman that she did not care whether she lived or died, that she suffered from panic attacks and lived a very isolated lifestyle (Tr. 363). The claimant indicated she had been approved for social security disability but took a job caring for a disabled person. She quit the job, however, due to depression (Tr. 363). Dr. Palacio-Hollman noted that the claimant exhibited poor eye contact, had depressed mood,

and an average fund of information (Tr. 364). Dr. Palacio-Hollman diagnoses were major depression, recurrent, severe without psychotic features, generalized anxiety disorder, and panic disorder without agoraphobia (Tr. 365). The claimant's prognosis was poor "due to pain and disability of her diabetic neuropathy," and Dr. Palacio-Hollman noted the claimant's suicidal ideation, panic attacks, and social isolation (Tr. 365-66).

Medical opinions of a treating physician such as Dr. Lee are entitled to controlling weight if "'well-supported by medically acceptable clinical and laboratory diagnostic techniques [and] consistent with other substantial evidence in the record.'" *See Langley v. Barnhart*, 373 F.3d 1116, 1119 (10th Cir. 2004), *quoting Watkins v. Barnhart*, 350 F.3d 1297, 1300 (10th Cir. 2003). Even if a treating physician's opinions are not entitled to controlling weight, the ALJ must nevertheless determine the proper weight to give them by analyzing the factors set forth in 20 C.F.R. § 416.927. *Id.* at 1119 ("Even if a treating physician's opinion is not entitled to controlling weight, '[t]reating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in [Section 416.927.'"), *quoting Watkins*, 350 F.3d at 1300. The factors are: (i) the length of the treatment relationship and the frequency of examination; (ii) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (iii) the degree to which the physician's opinion is supported by relevant evidence; (iv) consistency between the opinion and the record as a whole; (v) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (vi) other factors brought to the ALJ's attention which tend to

support or contradict the opinion. *Watkins,* 350 F.3d at 1300-01, *citing Drapeau v. Massanari,* 255 F.3d 1211, 1213 (10th Cir. 2001). Finally, if the ALJ decides to reject a treating physician's opinion entirely, "he must . . . give specific, legitimate reasons for doing so[,]" *id*. at 1301, so it is "clear to any subsequent reviewers the weight [he] gave to the treating source's medical opinion and the reasons for that weight," *id*. at 1300.

The ALJ gave little weight to Dr. Lee's opinion concerning the claimant's work-related limitations and gave the following reasons: (i) his opinions were not supported by or consistent with the medical record of evidence; (ii) Dr. Lee did not assign any physical limitations during office visits; and (iii) it was probable that Dr. Lee's opinion was based on sympathy (Tr. 24). The ALJ's analysis is legally deficient for several reasons. First, the ALJ stated that he was assigning little weight to Dr. Lee's opinion due to inconsistent medical evidence but failed to specify any evidence that was inconsistent with Dr. Lee's opinion. *See Wise v. Barnhart*, 129 Fed. Appx. 443, 447 (10th Cir. 2005) ("The ALJ also concluded that Dr. Houston's opinion was inconsistent with the credible evidence of record, but he fails to explain what those inconsistencies are."). The ALJ also neglected to mention evidence that was consistent with Dr. Lee's opinion, *e. g.*, treatment notes indicating that the claimant had decreased range of motion in her extremities on several occasions (Tr. 356-57, 429-30, 433-34, 468-69).

Second, it was clearly improper for the ALJ to rejected Dr. Lee's opinion upon speculation that he sympathized with the claimant "for one reason or another" (Tr. 24). The Commissioner argues that the ALJ only mentioned this possibility, *i. e.*, that he did

not actually rely on it, but the Court is not convinced; it is difficult to imagine a reason for mentioning this other than to explain the ALJ's decision to discounting Dr. Lee's opinion. In any event, the Court finds error on the ALJ's part in this regard. *See, e. g., Langley v. Barnhart*, 373 F.3d 1116, 1121 (10th Cir. 2004) ("The ALJ also improperly rejected Dr. Hjortsvang's opinion based upon his own speculative conclusion that the report was based only on claimant's subjective complaints and was 'an act of courtesy to a patient.' The ALJ had no legal nor evidentiary basis for either of these findings. Nothing in Dr. Hjortsvang's reports indicates he relied only on claimant's subjective complaints or that his report was merely an act of courtesy. 'In choosing to reject the treating physician's assessment, an ALJ may not make speculative inferences from medical reports and may reject a treating physician's opinion outright only on the basis of contradictory medical evidence and *not due to his or her own credibility judgments, speculation or lay opinion.*'"), *quoting McGoffin v. Barnhart*, 288 F.3d 1248, 1252 (10th Cir. 2002) [emphasis in original].

Because the ALJ failed to properly evaluate the opinion of the claimant's treating physician, the decision of the Commissioner must be reversed and the case remanded to the ALJ for a proper analysis. On remand, the ALJ should evaluate Dr. Lee's opinion in accordance with the appropriate standards and determine what impact such evaluation has on the claimant's RFC and ultimately whether she is disabled.

**Conclusion**

In summary, the Court finds that correct legal standards were not applied by the ALJ, and the Commissioner's decision is therefore not supported by substantial evidence. Accordingly, the decision of the Commissioner is hereby REVERSED, and the case is REMANDED for further proceedings consistent herewith.

**DATED** this 31st day of March, 2014.

_____
Steven P. Shreder
United States Magistrate Judge
Eastern District of Oklahoma